```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| SPECIALTY SURFACES | : | CIVIL ACTION |
| INTERNATIONAL, INC., *et al.* | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| CONTINENTAL CASUALTY CO. | : | NO. 08-2089 |

MEMORANDUM

Fullam, Sr. J.                                       May 21, 2009

In this insurance coverage dispute, the plaintiffs are Specialty Surfaces International and its wholly-owned subsidiary, Empire and Associates.  Under the name "Sprinturf" the plaintiffs manufacture and sell "vertically-draining synthetic athletic playing fields."  Several fields were installed for the Shasta Union School District in California, but problems developed and the School District sued the plaintiffs, among others, in California state court alleging that the drainage systems failed, rendering the fields unusable.

Upon being sued, the plaintiffs demanded that the defendant, Continental Casualty Co., provide a defense under a comprehensive general liability (CGL) insurance policy. Continental initially refused to defend, but agreed to do so under a reservation of rights after the School District filed an amended complaint in the California litigation asserting claims of negligence (the initial complaint only set forth breach of contract claims).  The plaintiffs have moved for partial summary judgment on their claim for counsel fees expended before

Continental began defending; Continental has filed a cross-motion for summary judgment on the entire complaint.

Preliminarily, the parties disagree about whether Pennsylvania or California law applies. The factors articulated in Hammersmith v. TIG Insurance Co., 490 F.3d 220 (3d Cir. 2007), point to Pennsylvania law (the named insureds are domiciled in Pennsylvania, the policy was negotiated and delivered in Pennsylvania, the insured risks are spread throughout the country, etc.). At oral argument, counsel for the plaintiffs referred to Section IV(7) of the policy, which provides that "this insurance applies ... [a]s if each Named Insured were the only Named Insured; and . . . [s]eparately to each insured against whom claim is made or 'suit' is brought." The plaintiffs contend that because Empire is a California corporation and only performs work in California, California law should apply. Were Empire alone, without Specialty Surfaces, sued in the California litigation, this argument would have more weight. But no case law of which I am aware would support the idea of applying different law to the claims of the two plaintiffs, and considering both together, Pennsylvania law has the closer connection to the policy. See Photomedex, Inc. v. St. Paul Fire & Marine Ins. Co., 2008 WL 324025 at *15 (E.D. Pa. Feb. 6, 2008) (Yohn, J.).

Under Pennsylvania law, Continental is not obliged to defend or indemnify the plaintiffs in this instance. The CGL

2

policy requires Continental to:

> pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

Policy at § 1, ¶ 1(a).

The policy provides coverage only when a suit is brought for (as relevant here) property damage that was the result of an occurrence, which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful condition."  Policy at § V, ¶ 13.  Accident is not defined.  The policy excludes coverage for damage to "Your Product" and "Your Work" as follows:

> This insurance does not apply to:
> . . .

   k.   Damage to Your Product
        "Property damage" to "your product" arising our of it or any part of it.

   ℓ.   Damage to Your Work

        "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

        This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

Policy at § 1, ¶ 2.

Reading the policy and the relevant law, including three recent cases applying Pennsylvania law -- <u>Kvaerner Metals Division of Kvaerner U.S., Inc. v. Commercial Union Insurance Company</u>, 908 A.2d 888 (Pa. 2006); <u>Millers Capital Insurance Co. v. Gambone Brothers Development Co.</u>, 941 A.2d 706 (Pa. Super. Ct. 2007); and <u>Nationwide Mutual Insurance Co. v. CPB International</u>, Inc., No. 08-2089 (3d Cir. Apr. 14, 2009) -- it is reasonably clear that a breach of contract cannot be classified as an occurrence.  All of the claims in the California litigation, including the negligence claims, are based on allegations of faulty workmanship and failure to comply with the contract documents, which are not accidents, regardless of which of the work performed by various contractors and subcontractors suffered damage.  See <u>Erie Insurance Exchange v. Abbot Furnace Company</u>, 2009 PA Super. 88 (Pa. Super. Ct. May 13, 2009). Under Pennsylvania law, then, Continental has no duty to defend or to indemnify.  Without any obligation under the policy, the defendant cannot have acted in bad faith or in breach of its duty of good faith and fair dealing.

     An order will be entered.

BY THE COURT:

/s/ John P. Fullam
Fullam,            Sr. J.